VICENTE BALBÁS PEÑA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 904.   Submitted November 22, 1933.—Decided November 29, 1933.

*A. Marín Marién* for appellant.   The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On July 24, 1933, the marshal of the District Court of San Juan executed, in the name of Enrique Germán Belosa, a deed of sale to María de Lourdes Balbás Ortiz, a minor represented by her father, Vicente Balbás Peña, an urban property situated in Santurce. The sale was made at public auction in a summary foreclosure proceeding instituted by the said minor, to foreclose a mortgage for $722.80 as principal and $150 for costs, constituted by Belosa, the owner of the property thus sold, in favor of the infant, to secure a loan made by the latter for the said sum of $722.80. There were no bidders at the sale and the property was awarded to the infant for $500 in partial satisfaction of her claim.

Upon the presentation of the deed for record in the registry of property, it gave rise to the decision appealed from, which reads as follows:

"Record of this instrument is denied because the corresponding internal revenue stamps have not been deposited; and a cautionary notice for 120 days is entered on the margin of presentation entry No. 113, Journal two hundred and eighteen."

The appellant deposited the sum of $3 to pay for the recording fees, as he thought that the price that should be taken into consideration for determining such fees was the award price, namely, $500. The registrar required the sum of $4 to be deposited because, in his opinion, the amount on which the fees should be computed was that which served as a basis for the foreclosure sale, to wit: $722.80.

The appellee, in explaining his position in his brief, says:

"The question in controversy is as to the amount of the recording fees.

"The registrar relies on schedule No. 5 of section 22 of Act No. 32 of 1917, assigning salaries to the registrars of property, wherein it is provided: 'For each record. . . For each estate or right whose value. . .'

"In the instant case the value of the mortgage interest foreclosed is $722.80, and hence the sum of $4.00 must be deposited in accordance with said section.

"Following are several instances where the value of the interest conveyed must always be taken into account:

"If A has recorded in his favor a mortgage for $700.00 and transfers it by gift to B, the constant practice has been to charge a fee of $4.00 for such record. The transfer does not fix any price, but the value of the mortgage is $700.00.

"If A has a mortgage for $700.00 recorded in his favor and he assigns it to B for $400.00, or for $10.00, or for any amount less than $700.00, the constant practice has been to collect a fee of $4.00 for such record, that is, the value of the right transferred.

"If A has a mortgage for $700.00 recorded in his favor and the mortgaged property is accepted in payment of the debt, the constant practice has been to charge a fee of $4.00 for such record, that is, for the value of the right given in satisfaction.

"If A owns a mortgage for $700.00 and said mortgage is foreclosed and the property is awarded to him in total or partial satisfaction of the debt, the constant practice has been to charge a fee of $4.00 for such record (the value of the interest foreclosed).

"We wish to state that where a property has been acquired by A for a price amounting to $700.00 and the same is attached to recover a debt of $400.00 and sold for the latter amount at public auction, the registrar takes this auction price into account for the purpose of collecting the recording fees which would then amount to $3.00. This case is different from that of the foreclosure of the mortgage wherein the value of the interest foreclosed is stated and the mortgage must be canceled officially (*de oficio*).

"That view has been upheld by this Hon. Court in the case of *Schlüter* v. *Registrar*, 39 P.R.R. 418. It should be noted that in the cited case the registrar demanded the payment of recording fees on the basis of the value of the property, whereas in the instant case we have demanded such payment only on the basis of the value of the interest foreclosed."

We are of opinion that the decision appealed from should be affirmed. The usual practice favors the purchaser at the judicial sale. Where a sale is involved, what ought to be taken into account in accordance with the law for the purpose of fixing the fees to be charged for recording said sale

is the value of the property sold, which is generally greater than that of the mortgage foreclosed. The sales at public auction that the General Directorate of Registries had in mind when it rendered its decision of May 29, 1889, certainly were not the sales made in total or partial satisfaction of the lien foreclosed in the suit or proceeding.

The appeal will be dismissed and the decision appealed from affirmed.

Mr. Justice Wolf dissented.